UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDWARD COLLINS                                      CIVIL ACTION

VERSUS                                              No. 06-6649

STATE FARM INSURANCE                                SECTION "C" (5)
COMPANY AND REGGIE GLASS

ORDER

Before the Court are: (1) defendant, State Farm Fire and Casualty Company's

("State Farm") Motion for Summary Judgment (Rec. Doc. 12); (2) defendant, Reggie

Glass's ("Glass") Motion for Summary Judgment (Rec. Doc. 13); and, (3) defendant,

Capital One, National Association's ("CONA") Motion for Summary Judgment.

Plaintiff, Edward Collins, ("Collins") opposes the motions. The motions are before the

Court on the briefs, without oral argument. Having considered the memoranda of

counsel, the record and the applicable law, the Court finds that the motions are resolved

as follows.

I. BACKGROUND

Collins owned the property located at 7508 Lafourche Street, New Orleans,

Louisiana.  On May 30, 1991 he purchased a State Farm homeowners insurance policy

for the property from Glass.  He continuously renewed this policy through May 30,

2005.  The property was damaged during Hurricane Katrina.  When Collins tried to

make a claim on his policy, he was informed that the policy had been cancelled and

expired on May 30, 2005.

As a result, Collins filed this suit in the Civil District Court for the Parish of

Orleans, State of Louisiana on August 28, 2006.  In his petition and amended petition he

claims that State Farm cancelled his policy without any prior written notice to either

him or his mortgagees.  He alleges that State Farm and Glass are liable to him for their

failure to act in good faith and timely adjust his claim under La.R.S. §§ 22:658 and

22:1220.

He also claims that Glass is liable to him for negligent misrepresentation.

According to Collins, Glass told him that he was fully covered on his homeowners

insurance policy one week before the storm.  Furthermore, he claims that Glass failed to

help him with the adjustment of his insurance claim.  Interestingly, in his original

petition, Collins claims that Glass is a State Farm claims representative who is a citizen

of St. Petersburg, Florida.  Then, in his amended petition, Collins asserts that Glass is a

State Farm insurance adjustor.  However, neither of these assertions is correct.  Glass is actually a self-employed State Farm insurance agent who is a citizen of Louisiana.  See, Rec. Doc. 13.

## II.  STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); see also, *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 U.S. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-

moving party to produce evidence or designate specific facts showing the existence of a

genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th

Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth

competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory

allegations."  See, *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife*

*Fed'n.*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3179-81, 111 L.Ed.2d 695 (1990); *Donaghey v.*

*Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).


### III. ANALYSIS

#### GLASS'S MOTION FOR SUMMARY JUDGMENT

In his Motion for Summary Judgment, Glass argues that he does not owe the

plaintiff a duty under either La.R.S. §§ 22:658 or 22:1220 because he is not an "insurer"

within the meanings of those statutes.  He also asserts that there is no genuine issue of

material fact regarding whether he negligently misrepresented any information to

Collins regarding his homeowners insurance policy.  Glass swore an affidavit in which

he claims that he did meet with Collins prior to Hurricane Katrina, but that he never

even discussed Collins's homeowners insurance with him at this meeting.  The plaintiff

has not specifically responded to Glass's Motion for Summary Judgment.

Under Louisiana law, an insurance agent has a duty to use reasonable diligence

in placing the insurance requested and to promptly notify the client if he fails to obtain the requested insurance. *Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co.*, 910 F.2d 224 (5th Cir. 1990); *Karam v. St. Paul Fire & Marine Insurance Co.*, 281 So.2d 728 (La. 1973); *Graves v. State Farm Mutual Auto Insurance Co.*, 821 So.2d 769, 2001-1243 (La. App. 3 Cir. 6/26/02); *Cambre v. State Farm Indemnity Co.*, 404 So.2d 511 (La. App. 4 Cir. 1982). See also, *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon). However, an insurance agent's duties can be greater than merely procuring the insurance requested, depending on what service the agent holds himself out as performing and the nature of the specific relationship between the agent and his client. *Southern Athletic Club, LLC v. Hanover Insurance Co.*, 2006 WL 2583406 (E.D.La.) (J. Lemmon) (citing *Graves v. St. Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 3 Cir. 0626/02)).

In *Labella Catering, Inc. v. St. Paul Fire & Marine Insurance Co.*, 2006 WL 3254488 (E.D.La.) (J. Berrigan), this Court held that an insurance agent can assume a duty to aid the insured in the claims filing and adjusting process. However, in that case, the insurance agent took steps to become actively involved. For example, that insurance agent hired a financial consultant for the plaintiff to use in conjunction with the claim presentation.

Here, there are no allegations that the agent became actively involved in the

claims adjusting process.  Collins does not allege that Glass took any actions that would

show that he assumed such a duty.  Thus, this case is distinguishable from *Labella*

*Catering*, and Collins has not stated a cause of action against Glass for his actions, or

lack thereof, regarding the adjustment of Collins' insurance claim.

Furthermore, Collins has failed to state a claim against Glass under La.R.S. §§

22:658 and 22:1220.  Sections 22:1220 and 22:658 impose duties on insurers and do not

mention insurance agents.  See, *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, at *4

(E.D.La. 2/12/1998).  These statutes are penal in nature and must be strictly construed.

*Id.* (citing, *Matter of Hanover Corp.*, 67 F.3d 79 (5th Cir. 1995); See also, *Dixon v. First*

*Premium Ins. Group*, 2005-0988 (La.App. 1 Cir. 3/29/2006) 934 So. 2d 134, 142.[1]

Collins also claims that Glass is liable to him for negligent misrepresentation.

Under Louisiana law, a plaintiff may recover for negligent misrepresentation if: (1) the

defendant owes a duty to supply correct information; (2) the defendant breaches that

duty; and, (3) the plaintiff suffers damages resulting form a justifiable reliance on that

misrepresentation.  *Chiarella v. Spirit Spectrum, LLP*, 2004-1433 (La.App. 4 Cir.) 921 So.2d

---

[1] Even if Glass were an insurance adjustor, Collins would not have a claim against him.  Louisiana Revised Statutes §§ 22:658 and 22:1220 do not provide remedies against insurance adjustors. *Nero v. La. Indep. Ins. Agencies, Inc.*, 2003 WL 203146, at *2 (E.D.La. 2003); *Yates*, 1998 WL 61033, at *4 (E.D.La. 2/12/1998).  Furthermore, this Court has held that insurance adjustors do not owe an independent tort duty to insured in the adjustment of their claims.  See, *Motin v. Travelers Insurance Company, et al*, 2003 WL 22533673, *4 (E.D.La. 2003) (J. Berrigan).

106, 123 (citing, *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624, n.38 (5th Cir. 1993)).   An

insurance agent has a duty to provide his client with correct information, thus he may

be liable for negligent misrepresentation if he provides incorrect information to the

client on which the client relies and is thereby damaged.  See, *Lichtfuss v. Encompass Ins.*

*Co.*, 2007 WL 708779, at *2, (E.D.La. 3/2/2007) (citing, *Venture Assocs. Inc. of Louisiana v.*

*Transportation Underwriters*, 93-539 (La. App. 3 cir. 3/2/1994) 634 So.2d 4, 6-7).

 Here, Collins alleges in his petition and amended petition that Glass provided

incorrect information one week before Hurricane Katrina.  Collins claims that he relied

on Glass's incorrect statement that he was fully covered under his homeowners and

flood insurance policies.  Glass, on the other hand, denies that he made any such

representations.  In his sworn affidavit he asserts that he did meet with Collins in the

month before the storm, but that they did not even discuss Collins's homeowners

insurance.  This shows that there is a disputed issue of material fact regarding whether

or not Glass made any misrepresentations.

 Glass also argues that, even if he did make a misrepresentation, Collins could not

have justifiably relied on it.  Glass points out that the insurer, not the agent has the duty

to inform the insured if his policy is not renewed.  See, LA. REV. STAT. ANN. § 22:636.6.

Glass claims that Collins had written notice that his policy was cancelled and thus could

not have justifiably relied on any of Glass's alleged statements regarding his

homeowners insurance policy.  Collins, however, asserts that he did not receive any

written notice of the cancellation.  Accordingly, whether or not Collins's alleged reliance

is justified is a genuine issue of material fact.

As shown above, Collins may have a claim against Glass for negligent

misrepresentation.  Louisiana Revised Statute 9:5606 provides the prescriptive periods

for actions against insurance agents.  This statue states in pertinent part that:

> A. No action for damages against any insurance agent,
> broker, solicitor, or other similar licensee under this state,
> whether based upon tort, or breach of contract, or otherwise,
> arising out of an engagement to provide insurance services
> shall be brought unless filed in a court of competent
> jurisdiction and proper venue within one  year from the date
> of the alleged action, omission, or neglect, or within one year
> from the date that the alleged act, omission, or neglect is
> discovered or should have been discovered.  However, even
> as to actions filed within one year from the date of such
> discovery, in all events such actions shall be filed at the latest
> within three years from the date of the alleged act, omission,
> or neglect.

Collins claims that the alleged misrepresentation occurred one week before

Hurricane Katrina or August 29, 2005.  Collins filed his lawsuit on August 28, 2006.

Thus, Collins did not file the lawsuit within one year from the date of the alleged action,

omission or neglect.  However, Collins did not discover the alleged misrepresentation

until sometime after the storm when he tried to make a claim under his homeowners

insurance policy.  As a result, he did filed the action within one year of when he

discovered the alleged action, omission or neglect and his claim for negligent

misrepresentation against Glass is not perempted.

The Court is aware that it previously issued an order stating that it had

jurisdiction to hear this matter after conducting a review of its jurisdiction.  See, Recs.

Doc. 5, 11 and 14.  Because the only conceivable ground for subject matter jurisdiction is

diversity under 28 U.S.C. § 1332, the Court's stating that it has jurisdiction implies that

Glass, a Louisiana citizen, is not a proper party to this action.  However, when the Court

issued that ruling, it was under the assumption that Glass was a citizen of Florida, as

stated in the Collins's complaint.[2]  Since it has come to light that Glass is actually a

citizen of Louisiana, as is the Collins, and that Collins may have a claim against him for

negligent misrepresentation, the Court finds that it does not have jurisdiction to hear

the above captioned matter because complete diversity is lacking.  Thus, the case must

be remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[2] The Court notes that State Farm stated that Glass is an insurance agent domiciled in Louisiana in its response to the Court's jurisdictional inquiry. See, Rec. Doc. 9.  However, this was inadvertently overlooked.

**III. CONCLUSION**

For the reasons stated above,

IT IS ORDERED that:

(1) Glass's Motion for Summary Judgment (Rec. Doc. 13) is hereby **DENIED**;

(2) the action is hereby **REMANDED** to the Civil District Court for the Parish of

Orleans, State of Louisiana;

(3) in light of the remand, State Farm's and CONA's Motions for Summary

Judgment (Rec. Docs. 12 and 15, respectively) are hereby **DISMISSED AS MOOT**.

New Orleans, Louisiana this 30th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE